# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BOBBY D. GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:18-cv-0437** |
| | ) | **Judge Aleta A. Trauger** |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **COMMERCE & INSURANCE** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Plaintiff Bobby Green's *pro se* Complaint (Doc. No. 1) is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the Complaint will be dismissed.

## I.     Factual Allegations and Procedural Background

The plaintiff names as defendants the Tennessee Department of Commerce and Insurance ("TDCI"); Randy Lane, an agent for TDCI; Consumer Protection Agency (a Division Thereof); First Acceptance Insurance Company; Walden Security; and numerous others (Doc. No. 1, at 1, 4–5.) He alleges that all defendants are engaged in a criminal conspiracy in violation of 28 U.S.C. §§ 241 and 242 to steal his money or "to keep him in a perpetual condition of punishment." (*Id.* at 2.) Although the plaintiff's writing is difficult to read, he appears to allege that he inadvertently received a traffic citation a "long time ago" for driving a vehicle without a license. (*Id.* at 5.) The plaintiff never went to court on that citation. The next time he was cited for a traffic violation, he was charged with driving on a suspended license. He objects that he never had a license to be suspended. He claims he was not able to obtain a trial and that the

public defenders were only interested in persuading him to plead guilty, but they never disclosed that doing so would have long term effects, causing the initial problem to "morph[] into something to[o] big monetarily to fix, to be able to correct my driving record and get needed license." (*Id.* at 5.)[1]

The plaintiff also alleges that, at some point, he was able to find a car insurance company to insure him, but this process, too, has been a "nightmare." (*Id.* at 6.) He claims the insurance company harassed him constantly, attempted to assess extra payments against him, and finally cancelled his insurance without notice and without refunding previously paid premiums. He claims that he is owed a refund, and his claim against TDCI appears to be based on its ineffectiveness in assisting him in obtaining the refund to which he was due.

For relief, he demands that the "particular responsible" parties "instantly return his money owed to him in the amount of all forwarded payments of $117.xx cents" and "to decide any more forthwith offenses for 'driving on a suspended license['] in strict  accordance to the U.S. Supreme Court in *Burson*, and/or 'subject-matter jurisdictional law,' T.C.A. 340 - - concurrent with the Tn. Dept. of Safety & Homeland Security." (Doc. No. 1, at 3.) The court, frankly, has no idea what this latter demand means.

## II.     Standard of Review

By law, the court must conduct an initial review of any civil complaint filed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is

---

[1] Based on these allegations, the court takes judicial notice that the plaintiff may be a member of the state-wide class recently certified by the undersigned in *Robinson v. Purkey*, No. 3:17-cv-01263, 2018 WL 2862772, at *12 (M.D. Tenn. June 11, 2018), defined to include "[a]ll persons whose Tennessee driver's licenses have been or will be suspended under Tenn. Code Ann. § 55-50-502(a)(1)(H) or (I) for nonpayment of traffic debt and who cannot now and could not at the time of suspension afford to pay such debt."

frivolous, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

**III.    Discussion**

The plaintiff does not state the basis for this court's jurisdiction over his claims. To be

able to bring a complaint in this court, the plaintiff must show that the court has original federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, or supplemental jurisdiction under 28 U.S.C. § 1367(a).

The Complaint plainly does not assert a claim over which the court has diversity jurisdiction. Even if the plaintiff alleged diversity of citizenship (he does not), the amount in controversy is well under the jurisdictional amount of $75,000.

The only federal statutes cited by the plaintiff are 18 U.S.C. §§ 241 and 242, which criminalize conspiracies to violate civil rights and the deprivation of civil rights under color of law. However, the plaintiff "has no private right of action under either of these criminal statutes." *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003).

The plaintiff may be attempting to state a claim under 42 U.S.C. § 1985, which does create a private right of action for conspiracy to deprive a person of the equal protection of the law. The elements of a § 1985 claim are: "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen." *Taylor v. Streicher*, 465 F. App'x 414, 419–20 (6th Cir. 2012) (quoting *White v. Trapp*, 93 F. App'x 23, 26 (6th Cir. 2004)). The plaintiff here does not allege any overt acts in furtherance of a conspiracy, and the court finds that he has not stated a claim under § 1985(3).

The plaintiff may also be attempting to state claims under 42 U.S.C. § 1983, the elements of which are (1) the deprivation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *Wellman v. PNC Bank*, 508 F. App'x 440, 442 (6th Cir. 2012) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). While the

plaintiff here does allege that the "defendants" generally have deprived him of "equal, due process entitlement to (L)ife-changing driver's license" and left him "sub-poverished, a ward of the state, living like a nomadic vagabond" (Doc. No. 1, at 2), these allegations do not seem to be the basis for the relief sought in this suit. Instead, the plaintiff appears to be focused on a supposed conspiracy to deprive him of a refund of his insurance premiums between the insurance company, a security company, and agents of TDCI (which is not alleged to have any control or influence over the issuance of drivers' licenses).

First, the Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). It is well settled that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity. *See generally Quern v. Jordan*, 440 U.S. 332 (1979). And the State of Tennessee has not waived its immunity from suit, even for injunctive relief. *See S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008); Tenn. Code Ann. § 20-13-102(a). All claims against TDCI must be dismissed as barred by sovereign immunity.

Second, under the exception established by *Ex parte Young*, 209 U.S. 123 (1908), a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law, *Will*, 491 U.S. at 71 & n.10. "It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983) (citing *Ex parte Young*, 209 U.S. at 160–62). The *Ex parte Young* exception does not, however, extend to any retroactive relief or claims for damages. *Quern*, 440 U.S. at 338. Thus, to the extent Randy Lane is sued in his official capacity as a representative of the TDCI, claims against him for damages are barred by sovereign

immunity, while claims for prospective injunctive would not be so barred. However, the plaintiff has not identified an ongoing violation of his federal constitutional rights by TDCI or explained how some TDCI policy violates his rights. The court finds that the state's failure to assist the plaintiff in obtaining a refund of his insurance premium does not qualify as the deprivation of a federal constitutional right for purposes of a claim under § 1983. Nor has the plaintiff stated a colorable claim under 42 U.S.C. § 1983 based on the state policy of requiring drivers to carry liability insurance. The Complaint, therefore, fails to state a claim for prospective injunctive relief against Lane in his official capacity.

Likewise, while Lane, as an agent of the state, may be sued in his individual capacity for damages under § 1983, the plaintiff does not identify any actions taken by Lane that would subject him to liability. In addition, the insurance company and security company named as defendants are not state actors for purposes of a § 1983 claim. Any § 1983 claim against them is subject to dismissal on that basis.

Finally, although the plaintiff might have a viable state-law breach of contract claim against the insurance company or tort claims against the security company, this court, having found that the Complaint fails to state a federal claim over which the court has original jurisdiction, declines to exercise supplemental jurisdiction any the state law claims. Those claims will be dismissed without prejudice to the plaintiff's ability to bring them in the state courts.

## IV. Conclusion

For the reasons set forth herein, the Complaint will be dismissed in its entirety. An appropriate order is filed herewith.

ENTER this 6th day of July 2018.

ALETA A. TRAUGER
United States District Judge